United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESSIE JOHNSON and TIM HORTON,

      Plaintiffs,

  v.

CITY OF ANTIOCH, et al.,

      Defendants.

_____/

No.  C 09-03153 JSW

**PROPOSED FINAL JURY INSTRUCTIONS**

The Court HEREBY NOTIFIES the parties of its proposed final jury instructions.  The Court requests that the parties carefully consider whether all proposed instructions are necessary given the evidence submitted to the jury.  The parties shall be prepared to present their positions prior to submission of the case to the jury.

**INSTRUCTION NO. 1.1C**

**DUTY OF JURY (WRITTEN INSTRUCTIONS)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court

For the Northern District of California

2

**INSTRUCTION NO. 2.4**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of Michelle Warren and Antioch Police Sargeant Dimitri Barakos were read into the record. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

United States District Court

For the Northern District of California

3

**INSTRUCTION NO. 2.5**

**TRANSCRIPT OF TAPE RECORDING**

You have heard a tape recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

United States District Court

For the Northern District of California

4

**INSTRUCTION NO. 2.8**

**IMPEACHMENT EVIDENCE - WITNESS**

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**United States District Court**

For the Northern District of California

**INSTRUCTION NO. 2.11**
**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 3.1**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 3.2**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 3.3**
**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 9.1**

**SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION**

Plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 9.2**

**SECTION 1983 CLAIM AGAINST NON-SUPERVISORY DEFENDANTS IN**

**INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their Section 1983 claims against Individual Defendants, OFFICER ADRIAN GONZALEZ, OFFICER AURELIANO MENDES, and OFFICER JAMES STENGER**,** Plaintiffs must prove each of the following elements by a preponderance of the evidence:

      1.      the Individual Defendant acted under color of law, and

      2.      the act or acts of the Individual Defendant deprived Plaintiffs of their particular rights under the United States Constitution as explained in Instruction Nos. 9.11, 9.12, 9.18, 9.19, 9.20, or 9.22.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find Plaintiffs have proved each of these elements, your verdict should be for the Plaintiffs.  If, on the other hand, Plaintiffs have failed to prove any of these elements, your verdict should be for the Individual Defendant.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 9.3**

**SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT CORPORAL RICK**

**SMITH IN INDIVIDUAL CAPACITY**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on any § 1983 claim against CORPORAL RICK SMITH purely in his supervisory capacity, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

    1.     CORPORAL SMITH acted under color of state law;

    2.     the act(s) of CORPORAL SMITH's subordinates, OFFICERS GONZALEZ, MENDES, and/or STENGER, deprived the Plaintiffs of particular rights under the Fourth Amendment to the United States Constitution, as explained in Instruction Nos. Nos. 9.11, 9.12, 9.18, 9.19, 9.20, or 9.22; and

    3.     (a) CORPORAL SMITH directed his subordinate(s) in the act(s) that deprived the Plaintiffs of these rights, or,

           (b) CORPORAL SMITH knew, or reasonably should have known, that his subordinate(s) were engaging in these act(s) and that their conduct would deprive the Plaintiffs of these right(s) and failed to act to prevent his subordinates from engaging in such conduct.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find the Plaintiffs have proved each of these elements, your verdict should be for the Plaintiffs as to the liability of CORPORAL RICK SMITH in his supervisory capacity.  If, on the other hand, the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for CORPORAL RICK SMITH as to his liability in his supervisory capacity.

**INSTRUCTION NO. 9.8**

**CAUSATION**

In order to establish that the acts of the Defendant(s) deprived a Plaintiff of particular rights under the United States Constitution, as explained in preceding and later instructions, the Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury. Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 9.18**

**FOURTH AMENDMENT UNREASONABLE SEIZURE OF PERSON - GENERALLY**

As previously explained, the Plaintiffs have the burden to prove that acts of the Defendants deprived the Plaintiffs of particular rights under the United States Constitution.  In this case, the Plaintiffs allege the Defendants deprived them of their rights to be free of unreasonable seizures of their person under the Fourth Amendment to the United States Constitution when Defendants

- detained Plaintiffs,

- arrested Plaintiffs, and

- engaged in use of force against Plaintiff JESSE JOHNSON.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove a Defendant deprived him of his Fourth Amendment rights, a Plaintiff must prove the following elements by a preponderance of the evidence:

1.      The Defendant, OFFICER ADRIAN GONZALEZ, OFFICER AURELIANO MENDES, or OFFICER JAMES STENGER,  seized the Plaintiff's person;

2.      In seizing either Plaintiff's person, the Defendant acted intentionally; and

3.      The seizure was unreasonable.

A Defendant "seizes" a Plaintiff's person when he restrains a Plaintiff's liberty by a physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of the law enforcement officers and go about his business.  In determining whether a reasonable person in either Plaintiff's position would have felt free to leave, consider all of the circumstances, including

1.      the number of officers present;

2.      whether weapons were displayed;

3.      whether the encounter occurred in a public or nonpublic setting;

4.      whether the officer's manner implied that compliance would be compelled; and

5.      whether the officers advised the Plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the Plaintiff must prove the Defendant meant to engage in the act[s] that caused a seizure of the Plaintiff's person. Although the Plaintiff does not need to prove the Defendant intended to violate the Plaintiff's Fourth Amendment rights, it is not enough if the Plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.

In determining whether the seizure of a Plaintiff's person was reasonable, please refer to Instructions No. 9.19, 9.20, and 9.22, which describe the reasonableness of particular seizures of a Plaintiff's person.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 9.19**

**FOURTH AMENDMENT UNREASONABLE SEIZURE OF PERSON -**

**INVESTIGATORY DETENTION**

In general, a seizure of a person for an investigatory detention is reasonable if, under all of the circumstances known to the officer at the time:

1.      the officer had a reasonable suspicion that the person seized was engaged in criminal activity; and

2.      the length and scope of the seizure was reasonable.

In order to prove the investigatory detention in this case was unreasonable, a Plaintiff must prove by a preponderance of the evidence that the officer lacked reasonable suspicion to stop him or that the length and scope of the stop was excessive.

"Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts.

In determining whether the length and scope of the seizure was reasonable, consider how the officer restricted the Plaintiff's liberty and the officer's reason(s) for using such methods and the officer's reasons for the length of the stop.

16

**INSTRUCTION NO. 9.20**

**FOURTH AMENDMENT UNREASONABLE SEIZURE OF PERSON -**

**PROBABLE CAUSE ARREST**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer(s) had probable cause to believe the Plaintiff has committed or is committing a crime.

In order to prove the seizure in this case was unreasonable, the Plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under the totality of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or is committing a crime.

If a person is arrested on multiple charges, a finding of probable cause for any single charge defeats a federal claim of false arrest.

Under California law, the following are crimes:

(I)  <u>Disorderly Conduct: Under the Influence in Public (Penal Code § 647(f))</u>

A person commits this crime if he

1.  is wilfully under the influence of alcohol,

2.  in a public place, and

3.  unable to exercise care for his own safety or the safety of others, or by reason of being under the influence of alcohol, interferes with , obstructs, or prevents the free use of a street, sidewalk or other public way.

As used here, a *public place* is a place that is open and accessible to anyone who wishes to go there.

(II)  <u>Resisting, Delaying or Obstructing Officer (Penal Code § 148(a))</u>

A person commits this crime if

1.  a police officer is lawfully performing his duties,

2.  the person wilfully resists, obstructs, or delays the police officer in the performance or attempted performance of those duties; and

United States District Court

For the Northern District of California

1

2

3. When the defendant acted, he knew, or reasonably should have known, that the police officer was a police officer performing or attempting to perform his duties.

3

A police officer is not lawfully performing his duties if he is unlawfully arresting or detaining someone or using excessive force.

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 9.22**

**FOURTH AMENDMENT UNREASONABLE SEIZURE OF THE PERSON -**

**EXCESSIVE FORCE**

**<u>AS TO PLAINTIFF JOHNSON ONLY</u>**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making an arrest and/or defending himself or others. Thus, in order to prove an unreasonable seizure in this case, Plaintiff JESSE JOHNSON must prove by a preponderance of the evidence that one or more of the officers used excessive force when detaining or arresting him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. The force which was applied must be balanced against the need for the force. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all the circumstances known to the officers on the scene, including:

1.      The severity of the crime or other circumstances to which the officers were responding;

2.      Whether the Plaintiff posed an immediate threat to the safety of the officer(s) or to others;

3.      Whether the Plaintiff was actively resisting or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.      The type and amount of force used;

6.      The availability of alternative methods to accomplish the officers' goals.

**INSTRUCTION NO. 9.11**

**FOURTH AMENDMENT UNREASONABLE SEARCH - GENERALLY**

As previously explained, the Plaintiffs have the burden to prove that acts of the Defendants deprived the Plaintiffs of a particular right under the United States Constitution.  In this case, the Plaintiffs allege the Defendants deprived them of the right to be free of unreasonable searches of their persons under the Fourth Amendment, when the Defendants performed a pat down search of Plaintiff JESSE JOHNSON's person and a search incident to arrest of Plaintiff TIM HORTON's person.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person.  In order to prove the Defendants deprived a Plaintiff of this Fourth Amendment right, the Plaintiff must prove the following elements by a preponderance of the evidence:

1.     the Defendant(s), OFFICER AURELIANO MENDES, OFFICER JAMES STENGER, and/or OFFICER ADRIAN GONZALEZ searched the Plaintiff's person;

2.     in conducting the search, the Defendant(s) acted intentionally; and

3.     the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to search the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 9.12**

**FOURTH AMENDMENT UNREASONABLE SEARCH -**

**SEARCH INCIDENT TO ARREST**

**AS TO PLAINTIFF HORTON ONLY**

In general, a search of a person is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant. Under an exception to this rule, a search warrant is not required and a search is reasonable if the search is incident to a lawful arrest.

The search of Plaintiff TIM HORTON was "incident to" a lawful arrest if:

1       it occurred contemporaneously with a lawful arrest, that is, at the same time or shortly after the arrest and without any intervening events separating the search from the arrest; and

2       it was limited to a search of the person arrested and the immediate area within which that person might gain possession of a weapon or might destroy or hide evidence.

I instruct you that the arrest of the Plaintiff TIM HORTON was a lawful arrest if you find Defendants had probable cause to arrest him pursuant to Instruction No. 9.20.  I instruct you that the arrest of Plaintiff HORTON was not a lawful arrest if you find Defendants did not have probable cause to arrest him pursuant to Instruction No. 9.20.

In order to prove the search in this case was unreasonable, Plaintiff TIM HORTON must prove by a preponderance of the evidence that the search was not incident to a lawful arrest.

**IT IS SO ORDERED.**

Dated:   December 10, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE