**United States District Court**
For the Northern District of California

1
2
3
4
5
6        IN THE UNITED STATES DISTRICT COURT
7
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   JESSE JOHNSON and TIM HORTON,
10           Plaintiffs,                    No.  C 09-03153 JSW
11      v.                                  **FINAL JURY INSTRUCTIONS**
12   CITY OF ANTIOCH, et al.,
13           Defendants.
14   _____/
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

## DUTY OF JURY (WRITTEN INSTRUCTIONS)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs, Jesse Johnson and Tim Horton, claim that, on July 15, 2007, they were unlawfully detained and arrested by Officers Adrian Gonzalez, James Stenger and Aureliano Mendes of the Antioch Police Department in violation of Plaintiffs' rights under the Constitution of the United States.  Plaintiff Johnson also claims that he was subjected to unreasonable and excessive force in violation of the Constitution of the United States.  Plaintiffs claim that their detention was unduly prolonged and that the officers unreasonably searched them during the course of their detention and arrests.

According to Plaintiffs, Officers Gonzalez, Stenger and Mendes falsely accused Plaintiffs of being under the influence of alcohol in a public place, and being intoxicated such that they were a danger to themselves.  Further, Plaintiff Johnson claims that Officers Gonzalez and Stenger falsely accused him of delaying or resisting Officers Gonzalez and Stenger in the lawful performance of their duties.

The Plaintiffs have the burden of proving these claims.

The Defendants deny all of Plaintiffs' claims.  More specifically, Defendants contend that they were legally justified in contacting Plaintiffs to perform a welfare check, had reasonable suspicion to detain one or more of the Plaintiffs, had probable cause to arrest both Plaintiffs and did not use excessive force in controlling and arresting Plaintiff Johnson.

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**BURDEN OF PROOF**

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits which are received into evidence; and

3.   any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, what they will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1

**RULING ON OBJECTIONS**

2      There are rules of evidence that control what can be received into evidence. When a

3  lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks

4  that it is not permitted by the rules of evidence, that lawyer may object. If I have overruled the

5  objection, the question may be answered or the exhibit received. If I have sustained the

6  objection, the question cannot be answered, and the exhibit cannot be received. Whenever I

7  have sustained an objection to a question, you must ignore the question and must not guess what

8  the answer might have been.

9      Sometimes I may have ordered that evidence be stricken from the record and that you

10  disregard or ignore the evidence.  That means that when you are deciding the case, you must not

11  consider the evidence that I told you to disregard.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

United States District Court

For the Northern District of California

**TAKING NOTES**

You may have taken notes to help you remember the evidence. If you have taken notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  They will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of Michelle Warren and Antioch Police Sargeant Dimitri Barakos were read into the record. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

14

**STIPULATED TESTIMONY**

The parties have agreed what Linda Mulgrew's testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**TRANSCRIPT OF TAPE RECORDING**

You have heard a tape recording that has been received in evidence. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you heard something different from what appears in the transcript, what you heard is controlling.

**IMPEACHMENT EVIDENCE - WITNESS**

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION**

Plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.  You are instructed that Corporal Rick Smith is no longer a defendant in this matter.  You need not speculate as to why.

United States District Court

For the Northern District of California

**SECTION 1983 CLAIM AGAINST NON-SUPERVISORY DEFENDANTS IN
INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their Section 1983 claims against Individual Defendants,
OFFICER ADRIAN GONZALEZ, OFFICER AURELIANO MENDES, and OFFICER JAMES
STENGER**,** Plaintiffs must prove each of the following elements by a preponderance of the
evidence:

1.      the Individual Defendant acted under color of law, and

2.      the act or acts of the Individual Defendant deprived Plaintiffs of their particular
rights under the United States Constitution.

A person acts "under color of law" when the person acts or purports to act in the
performance of official duties under any state, county, or municipal law, ordinance, or
regulation.  There is no dispute that the Individual Defendants were acting under color of state
law.

If you find Plaintiffs have proved each of these elements, your verdict should be for the
Plaintiffs.  If, on the other hand, Plaintiffs have failed to prove any of these elements, your
verdict should be for the Individual Defendant.

**CAUSATION**

In order to establish that the acts of the Defendants deprived a Plaintiff of particular rights under the United States Constitution, as explained in preceding and later instructions, the Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury. Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause.

1

**FOURTH AMENDMENT UNREASONABLE SEIZURE OF PERSON - GENERALLY**

2

As previously explained, the Plaintiffs have the burden to prove that acts of the

3

Defendants deprived the Plaintiffs of particular rights under the United States Constitution.  In

4

this case, the Plaintiffs allege the Defendants deprived them of their rights to be free of

5

unreasonable seizures of their person under the Fourth Amendment to the United States

6

Constitution when Defendants

7

• detained Plaintiffs,

8

• arrested Plaintiffs, and

9

• engaged in use of force against Plaintiff JESSE JOHNSON.

10

Under the Fourth Amendment, a person has the right to be free from an unreasonable

11

seizure of his person.  In order to prove a Defendant deprived him of his Fourth Amendment

12

rights, a Plaintiff must prove the following elements by a preponderance of the evidence:

13

1.        The Defendant, OFFICER ADRIAN GONZALEZ, OFFICER AURELIANO

14

MENDES, or OFFICER JAMES STENGER,  seized the Plaintiff's person;

15

2.        In seizing either Plaintiff's person, the Defendant acted intentionally; and

16

3.        The seizure was unreasonable.

17

A Defendant "seizes" a Plaintiff's person when he restrains a Plaintiff's liberty by a

18

physical force or a show of authority.  A person's liberty is restrained when, under all of the

19

circumstances, a reasonable person would not have felt free to ignore the presence of the law

20

enforcement officers and go about his business.  In determining whether a reasonable person in

21

either Plaintiff's position would have felt free to leave, consider all of the circumstances,

22

including

23

1.        the number of officers present;

24

2.        whether weapons were displayed;

25

3.        whether the encounter occurred in a public or nonpublic setting;

26

4.        whether the officer's manner implied that compliance would be compelled; and

5.        whether the officers advised the Plaintiff that he was free to leave.

27

A person acts "intentionally" when the person acts with a conscious objective to engage

28

in particular conduct. Thus, the Plaintiff must prove the Defendant meant to engage in the acts

**United States District Court**
For the Northern District of California

that caused a seizure of the Plaintiff's person. Although the Plaintiff does not need to prove the Defendant intended to violate the Plaintiff's Fourth Amendment rights, it is not enough if the Plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.

In determining whether the seizure of a Plaintiff's person was reasonable, please refer to instructions, which describe the reasonableness of particular seizures of a Plaintiff's person.

**FOURTH AMENDMENT UNREASONABLE SEIZURE OF PERSON -**

**INVESTIGATORY DETENTION**

In general, a seizure of a person for an investigatory detention is reasonable if, under all of the circumstances known to the officer at the time:

1.      the officer had a reasonable suspicion that the person seized was engaged in criminal activity; and

2.      the length and scope of the seizure was reasonable.

In order to prove the investigatory detention in this case was unreasonable, a Plaintiff must prove by a preponderance of the evidence that the officer lacked reasonable suspicion to stop him or that the length and scope of the stop was excessive.

"Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts.

In determining whether the length and scope of the seizure was reasonable, consider how the officer restricted the Plaintiff's liberty and the officer's reason(s) for using such methods and the officer's reasons for the length of the stop.

### FOURTH AMENDMENT UNREASONABLE SEIZURE OF PERSON -
### PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer(s) had probable cause to believe the Plaintiff has committed or is committing a crime.

In order to prove the seizure in this case was unreasonable, the Plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under the totality of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or is committing a crime.

If a person is arrested on multiple charges, a finding of probable cause for any single charge defeats a federal claim of false arrest.

Under California law, the following are crimes:

(I)  Disorderly Conduct: Under the Influence in Public (Penal Code § 647(f))

A person commits this crime if he

1.  is wilfully under the influence of alcohol,

2.  in a public place, and

3.  unable to exercise care for his own safety or the safety of others, or by reason of being under the influence of alcohol, interferes with , obstructs, or prevents the free use of a street, sidewalk or other public way.

As used here, a *public place* is a place that is open and accessible to anyone who wishes to go there.  There is no dispute that both Plaintiffs were in a public place when contacted by Defendants.

(II)  Resisting, Delaying or Obstructing Officer (Penal Code § 148(a))

A person commits this crime if

1.  a police officer is lawfully performing his duties,

2.  the person wilfully resists, obstructs, or delays the police officer in the performance or attempted performance of those duties; and

3.  When the defendant acted, he knew, or reasonably should have known, that the police officer was a police officer performing or attempting to perform his duties.

A police officer is not lawfully performing his duties if he is unlawfully arresting or detaining someone or using excessive force.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

## FOURTH AMENDMENT UNREASONABLE SEIZURE OF THE PERSON -
## EXCESSIVE FORCE
## AS TO PLAINTIFF JOHNSON ONLY

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making an arrest and/or defending himself or others. Thus, in order to prove an unreasonable seizure in this case, Plaintiff JESSE JOHNSON must prove by a preponderance of the evidence that one or more of the officers used excessive force when detaining or arresting him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. The force which was applied must be balanced against the need for the force. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all the circumstances known to the officers on the scene, including:

1.     The severity of the crime or other circumstances to which the officers were responding;

2.     Whether the Plaintiff posed an immediate threat to the safety of the officer(s) or to others;

3.     Whether the Plaintiff was actively resisting or attempting to evade arrest by flight;

4.     The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.     The type and amount of force used;

6.     The availability of alternative methods to accomplish the officers' goals.

**FOURTH AMENDMENT UNREASONABLE SEARCH - GENERALLY**

**AS TO PLAINTIFF JOHNSON ONLY**

As previously explained, the Plaintiffs have the burden to prove that acts of the Defendants deprived the Plaintiffs of a particular right under the United States Constitution. In this case, the Plaintiffs allege the Defendants deprived them of the right to be free of unreasonable searches of their persons under the Fourth Amendment, when the Defendants performed a pat down search of Plaintiff JESSE JOHNSON's person.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person. In order to prove the Defendants deprived a Plaintiff of this Fourth Amendment right, the Plaintiff must prove the following elements by a preponderance of the evidence:

1.      the Defendant(s), OFFICER AURELIANO MENDES, OFFICER JAMES STENGER, and/or OFFICER ADRIAN GONZALEZ searched the Plaintiff's person;

2.      in conducting the search, the Defendant(s) acted intentionally; and

3.      the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to search the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.

**United States District Court**
For the Northern District of California

**FOURTH AMENDMENT UNREASONABLE SEARCH - PAT DOWN**

**AS TO PLAINTIFF JOHNSON ONLY**

During an investigatory detention, police officers may, under certain conditions, conduct a limited search for weapons called a "pat down."

In general, a pat down search is reasonable if:

1.    the investigatory detention is valid;

2.    the officers have reasonable suspicion the person detained is armed and dangerous; and

3.    the pat down is limited in scope to the patting of the person's outer clothing for weapons or sharp objects.

The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent person in the circumstances of the officer would be warranted in the belief that his safety or that of others was in danger.  In determining whether the officer acted reasonably in such circumstances, due weight must be given to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.

In this case, in order to prove that the pat down of his person was unreasonable, Plaintiff JESSE JOHNSON must prove by a preponderance of the evidence that any one of the above three elements did not apply to the pat down of his person in this case.

**DAMAGES - PROOF/MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on any of their claims, you must determine the Plaintiffs' damages.  Each Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate each Plaintiff for any injury you find was caused by one or more Defendants.  You should consider the following:

a.  The nature and extent of the injuries;

b.  The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

c.  The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**DAMAGES - MITIGATION**

The Plaintiffs have a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

1.  that the Plaintiff(s) failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

**PUNITIVE DAMAGES**

If you find for the Plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish an Individual Defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a Plaintiff.

The Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Individual Defendant's conduct that harmed the Plaintiffs was malicious, oppressive or in reckless disregard of the Plaintiffs' rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiffs.  Conduct is in reckless disregard of the Plaintiffs' rights if, under the circumstances, it reflects complete indifference to the Plaintiffs' safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiffs' rights under federal law.  An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of a Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of a Plaintiff.

Punitive damages may not be awarded against the City of Antioch.  Punitive damages may be awarded even if you award Plaintiffs only nominal, and not compensatory, damages.

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the Plaintiffs but you find that the Plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

**COMMUNICATION WITH COURT**

2       If it becomes necessary during your deliberations to communicate with me, you may

3 send a note through the clerk or court security officer, signed by your presiding juror or by one

4 or more members of the jury. No member of the jury should ever attempt to communicate with

5 me except by a signed writing; I will communicate with any member of the jury on anything

6 concerning the case only in writing, or here in open court. If you send out a question, I will

7 consult with the parties before answering it, which may take some time. You may continue your

8 deliberations while waiting for the answer to any question. Remember that you are not to tell

9 anyone—including me—how the jury stands, numerically or otherwise, until after you have

10 reached a unanimous verdict or have been discharged. Do not disclose any vote count in any

11 note to the court.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**RETURN OF VERDICT**

A special verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated:   December 14, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE